Johnston, Ch.,
announced the judgment of the Court.
I must acknowledge that I am, in some degree, shaken in my impressions as to the testamentary character of this instrument: but not sufficiently, to enable me to declare the decree, upon that point, erroneous.
But the other grounds upon which the decree is put are sufficient to show its correctness.
The gift is of the bond, as a debt, and of the mortgage, — as an incident, — to enforce its collection.
If, as is argued, the negroes were purchased by Mrs. Connor with the bond, (which is not the case.) it may be true that a trust resulted to the plaintiffs, to have the negroes declared to stand as a substitute of the capital employed; or to have the capital, itself, at their election : but such a decree could not be made, unless upon bill directly for that purpose against the party who converted- the capital, or her legal representative.
The ground that the loss of the instrument was not established, so as to let in secondary proof of the instrument, is, also, quite satisfactory to me. The doctrine is not novel or doubtful. All our decisions are one way on the subject, from Sims vs. Sims, (2 Mill, 225,) to Wardlaw vs. Gray, (Dud. Eq. 85,) and even down to the last term of this Court, as may be seen in the case of Gibson vs. McCully, not yet reported.
The loss in this case depends exclusively upon the assertion of E. B. Wheeler, one of the plaintiffs in the cause ; and unless the fact of loss, unlike all other facts, is to be made out by mere statements, there was no foundation laid for letting in secondary evidence. The frauds that may be accomplished by withholding original papers, and resorting to secondary proof, need not be suggested. The hardships complained of, of shutting out parol evidence, unless upon regular proof of loss of written instru *458 ments, would soon be transferred to the shoulders of the opposite party, if proof of the loss were dispensed with.
I am of opinion that the decree should be affirmed, and the appeal dismissed ; and such being the opinion of the majority of the Court, (though upon grounds somewhat differing,) it is so ordered.